UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:21-cr-46-DJH

JUAN CARLOS FARIAS GARCIA et al.,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OF CONFERENCE AND ORDER**

A telephonic status conference was held in this matter on August 4, 2021, with the following counsel participating:

| | |
|---|---|
| For the United States: | Mac Shannon |
| For Defendant Garcia: | Scott C. Cox |
| For Defendant Terrazas: | Kent Wicker |
| For Defendant Vences: | Bryan E. Bennett |
| For Defendant Flores: | Armand I. Judah |
| For Defendant J. Sanchez: | Scott James Barton |
| For Defendant Allen: | Jonathan S. Ricketts |
| For Defendant N. Sanchez: | Larry D. Simon |

The Court and counsel discussed the procedural posture of the case, which was previously declared complex. (Docket No. 45) The parties requested additional time to continue negotiations and review discovery. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) By agreement of the parties, this matter is **SET** for a telephonic status conference on **September 15, 2021, at 10:00 a.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code

1

9073187. The Court anticipates setting a trial schedule at that time; the parties should therefore confer in advance of the status conference regarding their respective schedules.

(2) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(ii), and without objection, the Court finds that **the period of delay from May 11, 2021, to September 15, 2021, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendant in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

August 4, 2021

David J. Hale, Judge
United States District Court

Court Time: 00/05
Court Reporter: Dena Legg