FILED (JS)
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

21 SEP 23 PM 3: 53

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL NO. 3:21-CR-00046-4-DJH

**HUBER FLORES**     DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, **HUBER FLORES**, and his attorney, Hon. Armand Judah, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with the following: **Count 1**, **(to be dismissed)** violation of Title 21, U.S.C. § 846, relating to on or about and between April 29, 2019 and March 23, 2021, conspiracy to possess with intent to distribute controlled substances; **Count 3**, violation of Title 21, U.S.C. § 841, relating to on or about February 27, 2021, possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine; and **Count 7**, **(to be dismissed)** violation of Title 18, United States Code, Sections 1956(h), relating to on or about and between July 15, 2019, and March 23, 2021, to knowingly conduct financial transactions affecting interstate commerce which involved cash proceeds from an unlawful activity with the intent to promote the carrying on of that unlawful activity and to conceal and disguise the nature, location, source, ownership and control of the proceeds from the unlawful activity.

2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.    Defendant will enter a voluntary plea of guilty to count 3 of the indictment. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> **Count 3**
> On February 27, 2021, **Huber Flores**, aided and abetted by Juan Carlos Farias Garcia, Jose Terrazas, Geovanny Vences, and others knowingly possessed with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. On this date, Garcia and Terrazas left Garcia's residence, here in the Western District of Kentucky, with a kilogram of cocaine and delivered it to Flores and Vences in exchange for approximately thirty-five thousand dollars at an outlet mall in Simpsonville, Kentucky. Following the exchange Flores and Vences were stopped by law enforcement and the cocaine was recovered. Laboratory analysis by the Kentucky State Police determined that Flores was in possession of 1001.3 grams of cocaine.

4.    Defendant understands that the charge to which he will plead guilty carries the following penalty: **Count 3**, a mandatory minimum of five (5) years' imprisonment, maximum of up to forty (40) years' imprisonment, a fine up to $~~5~~ *NO* ,000,000, and no less than four (4) years' supervised release up to a term of Life  Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.    Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range

of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.    **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.  **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.  **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.  Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.  Defendant understands that the United States will inform the court that <u>no restitution</u> is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will:

-Recommend a sentence of imprisonment at the low end of the applicable Guideline Range, but not less than any mandatory minimum required by law;

-Stipulate that the Defendant is responsible for 1001.3 grams of cocaine;

-Recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;

-Recommend a term of not less than four (4) years' supervised release; and

-Agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine.

12. Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range. The advisory guideline may be calculated as follows:

<u>Drug Base Offense Level</u>
    <u>Drug quantity (500g-2 kg)</u>
    U.S.S.G. §2D1.1(8)                                    24
    <u>Acceptance of Responsibility</u>
    U.S.S.G. §3E1.1(b)                                    <u>-3</u>
    **Total**                                                       **21**

A. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

B. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty

solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14. Defendant agrees to the forfeiture of any interest he or his nominees may have in the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes contained within this Indictment.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendations and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

_____     9-23-2021
Mac Shannon                          Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

Huber Flores                         9-23-2021
_____      _____
Huber Flores                         Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____      9-23-2021
Armand Judah                         Date
Counsel for Defendant