UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                       Plaintiff,

v.                                                                         Criminal Action No. 3:21-cr-46-DJH

JUAN CARLOS FARIAS GARCIA,
JOSE TERRAZAS,
GEOVANNY VENCES,
HUBER FLORES,
CESAR JONATHAN SANCHEZ,
TREZIAUN D. ALLEN,
NAYELYI SANCHEZ,                                                                               Defendants.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on October 27, 2021, with the following counsel participating:

| | |
|---|---|
| For the United States: | Mac Shannon |
| For Defendants: | Scott C. Cox |
| | Kent Wicker |
| | Bryan E. Bennett |
| | Jonathan S. Ricketts |
| | Larry D. Simon |

The Court and counsel discussed the procedural posture of the case, which was previously declared complex. (Docket No. 45) The United States informed the Court that it has been in regular contact with counsel for each of the defendants and that progress is being made toward resolving each defendant's case. The parties requested additional time to continue negotiations. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     By agreement of the parties, this matter is **SET** for a telephonic status conference on **November 30, 2021, at 1:30 p.m.**  Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code 9073187. The Court will set a trial schedule at that time.  Counsel are **DIRECTED** to confer in advance of the status conference regarding their respective schedules.

(2)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from October 27, 2021, to November 30, 2021, is excludable in computing the time within which the trial must commence under the Speedy Trial Act.**  The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  § 3161(h)(7)(C).

October 27, 2021

                                                **David J. Hale, Judge**
                                          **United States District Court**

Court Time: 00/05
Court Reporter: Dena Legg