UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                          Plaintiff,

v.                                                                 Criminal Action No. 3:21-cr-46-DJH

JUAN CARLOS FARIAS GARCIA,
JOSE TERRAZAS,
GEOVANNY VENCES,
HUBER FLORES,
CESAR JONATHAN SANCHEZ,
TREZIAUN D. ALLEN,
NAYELYI SANCHEZ,                                                                 Defendants.

\* \* \* \* \*

**MEMORANDUM OF CONFERENCE AND ORDER**

A telephonic status conference was held in this matter on November 30, 2021, with the following counsel participating:

| | |
|---|---|
| For the United States: | Mac Shannon |
| For Defendants: | Scott C. Cox |
| | Kayla Campbell (on behalf of Kent Wicker) |
| | Bryan E. Bennett |
| | Jonathan S. Ricketts |
| | Larry D. Simon |

The Court and counsel discussed the procedural posture of the case, which was previously declared complex. (Docket No. 45) The United States informed the Court that plea agreements had been reached with Defendants Juan Carlos Farias Garcia, Cesar Jonathan Sanchez, and Nayelyi Sanchez and requested that change-of-plea hearings be scheduled for all three defendants. The United States and counsel for Defendant Geovanny Vences confirmed that Vences's case will likely be resolved via a plea agreement, and the parties requested that a change-of-plea hearing be scheduled as well. According to the United States, plea agreements with Defendants Jose Terrazas and

1

Treziaun D. Allen have not yet been finalized, but both cases are close to resolution. The United States and counsel for Terrazas and Allen agreed to set a trial date in the meantime. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     By agreement of the parties, a change-of-plea hearing for Defendant Geovanny Vences is **SET** for **January 24, 2022, at 11:30 a.m.**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(2)     By agreement of the parties, a change-of-plea hearing for Defendant Juan Carlos Farias Garcia is **SET** for **January 24, 2022, at 1:30 p.m.**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(3)     By agreement of the parties, a change-of-plea hearing for Defendant Cesar Jonathan Sanchez is **SET** for **January 24, 2022, at 2:30 p.m.**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(4)     By agreement of the parties, a change-of-plea hearing for Defendant Nayelyi Sanchez is **SET** for **January 24, 2022, at 3:30 p.m.**, at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.

(5)     Defendant Jose Terrazas's case and Defendant Treziaun D. Allen's case are **SET** for trial by jury on **February 21, 2022, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. Counsel shall be present in court at 9:00 a.m. Pretrial deadlines and a final pretrial conference will be set by subsequent order.

(6)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from November 30, 2021, to January 24, 2022, is excludable in computing the time within which a trial must commence**

**under the Speedy Trial Act** for Defendants Juan Carlos Farias Garcia, Geovanny Vences, Cesar Jonathan Sanchez, and Nayelyi Sanchez. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

(7) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), and without objection, the Court finds that **the period of delay from November 30, 2021, to February 21, 2022, is excludable in computing the time within which a trial must commence under the Speedy Trial Act** for Defendants Jose Terrazas and Treziaun D. Allen. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny both the attorney for the government and counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

December 1, 2021

David J. Hale, Judge
United States District Court

Court Time: 00/10
Court Reporter: Dena Legg