UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | No.  3:21-CR-00046-DJH |
| ) | |
| vs. ) | |
| HUBER FLORES ) | |
| Defendant ) | |

## SENTENCING MEMORANDUM

The Court has the Presentence Investigation Report, which gives an excellent background on Huber. The defendant has pled guilty to the offense of conviction and has admitted to the essential elements of the offense. Additionally, he has spared the government the expense of preparing for trial and appears to merit the reduction for acceptance of responsibility pursuant to 3B1.1(a) and (b).

The Sentencing Guidelines range is calculated as Level 19, with a criminal history category of 2.  His prior criminal record, which puts him in category 2, is for two DUI charges, both in 2012. He had no further criminal activity until he was arrested in the instant case.

To state the obvious, Huber is in the United States illegally. He accepted his guilt immediately, and he is prepared to ultimately be deported.

As the Court can see in the Plea Agreement, Huber was charged in three of the seven counts in the Indictment, however, Counts 1 and 7 are being dismissed, and Huber is pleading guilty to Count 3. Further, pursuant to the Plea Agreement, the government is recommending sentencing at the low end of the Guideline range. Based on the fact that his criminal history is low, Huber is a prime candidate for the Court to deviate from the mandatory minimum, based upon him qualifying for safety valve, since he gave a full proffer to the government. The government believes that Huber has more information to give and is objecting to going below the mandatory minimum, but he has told them all he knows. They just are not satisfied with his response. Based on that, and his minimal prior criminal record, we ask the Court to deviate from the mandatory minimum to allow Huber to be sentenced in a manner where the immigration authorities can take immediate custody of him for purposes of deportation.

Huber has already been incarcerated since May 2021, so he has already served seven months. A sentence which takes into account the amount of time served by Huber would satisfy the Guideline requirements and would be reasonable, especially

considering that he will be deported immediately following his sentence.

Respectfully submitted,

/s/ Armand I. Judah
Armand I. Judah
Tilford Dobbins & Schmidt PLLC
Counsel for Defendant
401 W. Main Street, Suite 1400
Louisville, KY 40202
(502) 664-9338

**CERTIFICATE OF SERVICE**

This certifies that a true copy of the foregoing was filed electronically on the 7th day of January, 2022.

_/s/ Armand I. Judah__
Armand I. Judah